UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORRANCE GRAHAM,

    Plaintiff,

v.

Case No. 10-10467

Honorable Patrick J. Duggan

PATRICIA CARUSO, JAN
GOLDBERGER, SAVITHRI KAKANI,
JIM SULLIVAN, and CORRECTIONAL
MEDICAL SERVICES,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 21, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On February 3, 2010, Torrance Graham, a state prisoner currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution. Plaintiff specifically claims that he was denied adequate care for pain in his right leg. Defendants Patricia Caruso and Jim Sullivan have moved for summary judgment under Federal Rule of Civil Procedure 56. Defendant CMS has moved for summary judgment or alternatively to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure

12(b)(6). The Court has referred this action to Magistrate Judge Donald A. Scheer for all pretrial proceedings.

On July 20, 2010, Magistrate Judge Scheer issued a Report and Recommendation ("R&R") in which he recommends that this Court grant Defendants' motions for summary judgment. Magistrate Judge Scheer concludes that the Complaint fails to state a claim against Defendant Caruso because it does not allege Caruso's personal involvement in the conduct leading to Plaintiff's injury. As for Plaintiff's claims against Defendants Sullivan, Jan Goldberger, and Savithri Kakani, Magistrate Judge Scheer concludes that they amount to mere disagreement with medical diagnosis and treatment and are not actionable. With respect to Plaintiff's claim against Defendant Correctional Medical Services ("CMS"), Magistrate Judge Scheer concludes that Plaintiff has not shown that anyone was deliberately indifferent to his medical needs in reliance on CMS policy.

On August 3, 2010, Plaintiff moved for an extension of the time for filing objections to the R&R. The Court granted Plaintiff's request. Plaintiff submitted objections dated August 23, 2010, filed with this Court on August 26, 2010.

In his objections, Plaintiff first challenges Magistrate Judge Scheer's conclusion that the Complaint fails to allege personal involvement by Defendant Caruso in the unconstitutional conduct. Plaintiff claims that Caruso, the Director of the Michigan Department of Corrections ("MDOC"), authorized MDOC's health care policy and is therefore the "moving force" behind his injuries. Liability under § 1983, however, requires "active unconstitutional behavior," and cannot be based on the right to control employees. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). It is insufficient to

prove that unconstitutional conduct is attributable to the defendant; rather, the plaintiff must show that the defendant acted with the "requisite degree of culpability" and demonstrate a "direct causal link" between the defendant's action and the injury. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388 (1997). "Deliberate indifference" is a stringent standard, requiring a plaintiff to prove disregard of "a known or obvious consequence" of an action. *Id.* at 410, 117 S. Ct. at 1391. Plaintiff has provided no support for his deliberate indifference claim. He has failed to show that a risk to his health was either obvious or known to Defendant Caruso. Plaintiff merely seeks to use Defendant Caruso's policymaking role to impose liability for the consequences of his medical treatment. Although he tries to cast his claim in different terms, it is essentially *respondeat superior* liability, and not actionable under § 1983.

Plaintiff also disagrees with Magistrate Judge Scheer's conclusion that the Complaint fails to state claims of deliberate indifference against Defendants Sullivan, Goldberger, and Kakani. Plaintiff asserts that these Defendants acted with deliberate indifferent to his medical needs by denying or delaying his access to care. The Sixth Circuit has held that a plaintiff claiming deliberate indifference to serious medical need must demonstrate (1) that the medical need at issue is "sufficiently serious," and (2) that the defendant perceived facts from which to infer substantial risk to the prisoner, drew that inference, and then disregarded that risk. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). Plaintiff's claim fails to satisfy this test. He has provided nothing to support a finding that Defendants Sullivan, Goldberger, and Kakani were aware of and disregarded a substantial health risk. Furthermore, the Complaint details a lengthy record of regular medical

3

treatment beginning in early 2006 and culminating in Plaintiff's successful July 2008 surgery. This record is inconsistent with Plaintiff's allegations of deliberate indifference. Plaintiff is dissatisfied with his diagnosis and treatment, and contends that he should have been referred to a specialist sooner for a correct diagnosis of his condition. Yet misdiagnosis and negligent medical treatment are not valid Eighth Amendment claims, and a difference of opinion concerning the proper course of medical treatment does not constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 106-07, 97 S. Ct. 285, 292-93 (1976).

Plaintiff objects to Magistrate Judge Scheer's conclusion that his claim against CMS is based upon *respondeat superior* liability, and is therefore not actionable under § 1983. Plaintiff contends that CMS was a "moving force" behind his injuries, citing *Gregory v. Shelby County* in support of his claim. *Gregory*, however, required a plaintiff to show that the defendant acted with the "requisite degree of culpability" and demonstrate "a direct causal link" between the action and his injury. 220 F.3d 433, 442 (6th Cir. 2000) (citing *Brown*, 520 U.S. at 405, 117 S. Ct. at 1389). Plaintiff alleges that CMS has a history of delays in treatment, misdiagnosis, and inadequate care. Plaintiff can perhaps show negligence, but he has not set forth anything to support his deliberate indifference claim. He has pointed to no CMS policy directing employees or others to ignore his medical needs or unnecessarily delay his access to medical care. Plaintiff contends that denial of a specialist referral was an effective denial of treatment, but the Court is unaware of any authority supporting this proposition. While Plaintiff was certainly dissatisfied with the medical care he received from CMS, it is clear from his admissions that he received

treatment on a regular basis. The facts Plaintiff asserts are insufficient to support a deliberate indifference claim against CMS.

Plaintiff also disagrees with Magistrate Judge Scheer's recommendations because he has not had the opportunity to engage in discovery to support his claims. He advances a trio of related objections stressing the need for discovery to assist him in claims against Defendants Caruso, Sullivan, Goldberger, Kakani, and CMS.

To develop his claim against Defendant Caruso, Plaintiff seeks, *inter alia*, a description of Defendant Caruso's job duties, the MDOC / CMS contract, various reports on the quality of health care in correctional facilities, MDOC budgets for health care expenses, and copies of any complaints filed against Defendant Caruso for dereliction of duty. This information, however, would only support a claim of *respondeat superior* liability. While the requested information might demonstrate issues with the standard of health care provided in the prison system, it cannot establish Defendant Caruso's personal involvement in the conduct leading to Plaintiff's injuries. Because the information sought fails to address the culpability of Defendant Caruso's conduct, it cannot create a material dispute of fact.

Plaintiff also seeks discovery to support his claims against Defendants Sullivan, Goldberger, and Kakani. He requests, *inter alia*, his medical file, his complaints and grievances filed against Defendants, Defendants' work notes, any complaints filed against Defendants, and Defendants' training and certification records. The information Plaintiff seeks might establish negligence, but not deliberate indifference to a serious medical need. Plaintiff's Complaint details an extensive history of treatment for his leg pain. Although

Plaintiff contends that Defendants treated him improperly, his own allegations establish that Defendants treated him regularly and responded to his requests. Plaintiff merely disagrees with the response he received.

Finally, Plaintiff seeks discovery to support his claim against Defendant CMS. Plaintiff seeks items such as the MDOC / CMS contract, a list of lawsuits against CMS adjudicated during the relevant time period, and the details of CMS's referral policy. Plaintiff, however, has not established that anyone acted with deliberate indifference toward his medical needs. Furthermore, Plaintiff has failed to point to a specific CMS policy that any person relied on when acting in this manner. The information Plaintiff seeks could demonstrate deficiencies in CMS procedures, but it does not support his deliberate indifference claim.

For these reasons, the Court concurs with the conclusions reached by Magistrate Judge Scheer and rejects Plaintiff's objections to the R&R. The Court therefore holds that Defendants Caruso and Sullivan are entitled to summary judgment. In addition, the Court concludes that the Complaint against Defendants CMS, Goldberger, and Kakani should be dismissed for failure to state a claim for which relief can be granted.

Accordingly,

**IT IS ORDERED** that Defendants' motions for summary judgment are **GRANTED**, and the Complaint against Defendants CMS, Goldberger, and Kakani is **DISMISSED** for failure to state a claim upon which relief can be granted.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:

Torrance Graham, #507300
Lakeland Correctional Facility
141 First St.
Coldwater, MI 49036

Julia R. Bell, Esq.
Richard A. Joslin, Esq.
Magistrate Judge Donald A. Scheer