UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORRANCE GRAHAM,

    Plaintiff,

v.

PATRICIA CARUSO, JAN GOLBERGER,
SAVITHRI KAKANI, JIM SULLIVAN,
and CORRECTIONAL MEDICAL
SERVICES,

    Defendants.
_____/

Case No. 10-10467

Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_December 15, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On February 3, 2010, Torrance Graham ("Plaintiff"), a state prisoner currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged deliberate indifference to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution. Plaintiff specifically claimed that he was denied adequate care for pain in his right leg. Defendants Patricia Caruso and Jim Sullivan moved for summary judgment, or alternatively, to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 56 and 12(b)(6). The Court granted Defendants' Motion in an Opinion and

Order dated September 21, 2010. Presently before the Court is Plaintiff's Motion for Reconsideration, filed on October 4, 2010, pursuant to Federal Rule of Civil Procedure 59(e) and Eastern District of Michigan Local Rule 7.1(h).

A motion to alter a judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Eastern District of Michigan Local Rule 7.1(h)(3) provides that a motion for reconsideration should be granted only if the movant demonstrates that the court and the parties have been misled by a palpable defect and that correcting the defect will result in a different disposition of the case. A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id.*

Plaintiff claims that he requires discovery to demonstrate that Defendant Caruso prevented investigation of his grievances, but he has failed to demonstrate that the Court or the parties have been misled by any palpable defect. The Court granted summary judgment on Plaintiff's claim against Caruso because he failed to establish that she was aware of any risk to his health, or that such a risk was obvious. Plaintiff has set forth nothing demonstrating that this conclusion was false. Absent such a showing, the Court cannot grant Plaintiff's motion.

Plaintiff asserts that the National Commission on Correctional Health Care's report on the Michigan Department of Corrections health care system provides new evidence to support his claims. *See* Pl.'s Mot. Ex. A. While this report details numerous deficiencies and opportunities for improvement in the system, it does not establish fault rising to the

2

level of deliberate indifference. To prevail on a deliberate indifference claim, a plaintiff must show (1) that the medical need at issue is "sufficiently serious," and (2) that the defendant perceived facts from which to infer substantial risk to the prisoner, drew that inference, and disregarded that risk. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). Plaintiff has failed to point to anything in the report establishing that Defendants were aware of a substantial risk to his health and disregarded that risk. Consideration of the report will not result in a different outcome.

Plaintiff points to the notes of Physician Assistant Kakani, which he recently obtained, as evidence of deliberate indifference to his serious medical needs. These notes, however, provide little support for his claims. Although these notes document what Plaintiff concludes is inadequate treatment, they nonetheless establish a record of regular treatment via exercise and medication. Misdiagnosis and negligent treatment are not valid Eighth Amendment claims, and do not constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 106-07, 97 S. Ct. 285, 292-93 (1976). The notes also fail to show that Kakani disregarded a serious risk to Plaintiff's health. Plaintiff points to Kakani's notes concerning cardiac risk factors, but provides nothing in support of his assertion that the presence of these factors creates a serious health risk. Furthermore, he fails to demonstrate that Kakani's chosen course of treatment constituted a disregard of those risk factors. Plaintiff has merely provided documentation of the factual basis for his claim, but this documentation does not cure its legal deficiencies.

Plaintiff argues that the medical reports of Physician Assistant Tyree support his deliberate indifference claims. Although Tyree noted negative factors in Plaintiff's family

medical history, this evidence alone does not establish a serious risk to Plaintiff's health. The report states Tyree's preliminary diagnosis of peripheral vascular disease, and notes that he scheduled Plaintiff for a follow-up visit approximately five days later. Plaintiff received what he concludes was inadequate care, but the conduct documented in Tyree's notes does not rise to the level of deliberate indifference.

Plaintiff points to the report of his surgeon, Dr. Contreno, arguing that it proves that he suffered an arterial blockage for some time. The report may tend to prove that Plaintiff's diagnosis was negligent, allowing his condition to progress, but it is insufficient to establish an Eighth Amendment claim. The report does not demonstrate that a serious risk to Plaintiff's health was known or obvious to Defendants. It therefore reveals no palpable defect that would result in a different disposition of this case.

Plaintiff's Motion for Reconsideration essentially raises the same arguments he relied upon in opposing summary judgment, and simply provides new evidence to support his previous allegations. This evidence, however, fails to correct the legal deficiencies of Plaintiff's claims. The Court therefore finds no error in its original conclusions.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Torrance Graham, #507300
Lakeland Correctional Facility
141 First St.
Coldwater, MI 49036
Julia R. Bell, Esq.
Richard A. Joslin, Esq.

4